Mr. Chief Justice Sharkey
delivered the opinion of the court.
This action was brought by Arthur as the president of the board of police, and successor to John I. Guión, against Feather-ston, as principal, and Cook and Taylor as sureties, in a bond given by Featherston as county treasurer. The suit was discontinued as to Featherston and Cook, and Taylor pleaded three pleas; first, that Featherston had neglected to give bond and take the oath of office for the space of ten days, whereby his election became void; second, that at the time of executing the bond, Featherston was not county treasurer; and, third, that Featherston never did collect any money as county treasurer, which last plea concludes to the country. To the first and second pleas there was a demurrer, which was sustained by the court, and after verdict and judgment, a writ of error was sued out. The inquiry now is, did the court err in sustaining the demurrer to the first and second pleas?
On examination of the law in relation to county treasurers, it will be found that the legislation is exceedingly defective. *191 Prior to the adoption of the present constitution, they were appointed and commissioned by the governor, and the only law in reference to their appointment and qualification, is the one which was adapted to that state of things. The nineteenth section of the fifth article of the constitution provides that a county treasurer shall be elected by the qualified electors of each county, who shall hold his office for two years, but no corresponding change has been made in the law. By the fourth section of the schedule of the constitution, it was provided that all laws then in force, not repugnant to the constitution, should continue in force, and it remains to inquire how far the act of 1822, in relation to county treasurers, can be considered as operative under that provision.
We can have no hesitation in saying that the time allowed for giving bond, and the effect of a failure to do so within the required time, were entirely abrogated. The first section provided that the governor should appoint and commission a county treasurer for each county, and the second section provided that if the treasurer should refuse or neglect to give bond, and take the oath, for the space of ten days after he had been so appointed, such appointment was thereby declared null and void, and the county court should, as soon thereafter as might be, proceed to recommend some other suitable person to the governor to fill the office. The appointment is now made by the people, and there is no provision or authority for a reelection in case of failure to give bond for the space of ten days. This section was virtually changed by the constitution, because of its inconsistency with that instrument. But it was virtually repealed by the ninth section of 'the general election law, which allows the returning officer of each county, fifteen days to make his return. The two laws cannot operate together. It would be absurd to say that a county treasurer vacates his election by failing to give bond within ten days, when it may be that he has no authentic knowledge of his election until after that time has elapsed. As the election was not vacated by the failure to give bond within ten days, it follows that the first plea was bad, and the demurrer properly sustained.
*192 But to the second plea the demurrer was improperly sustained. This suit is against Featherston and sureties, as on a statutory bond, which the law requires the county treasurer to give. The demurrer admits that Featherston was not county treasurer. It was therefore a mere voluntary bond, good, if at all, only as a common law bond. On such a bond suit must be brought in the name of the obligee, or his representatives. Hibbits v. Canada, 10 Yerg. 465; Stuart et al. v. Lee, Gov. 3 Call’s R. 364. This suit is brought jn the name of a successor to the obligee, and in that form the plea was a good answer to the action ; because a successor can sue only when the bond is in accordance with the statute, and given by a person who is required in his official capacity to execute such bond. For this reason the judgment must be reversed and the cause remanded.